OPINION of the Court, by
Ch. J. Boyle
The commonwealth having obtained a judgment in the general court, and issued ah execution thereon against Caldwell, directed to the sheriff of Ohio county, Caldwell sued out a writ of error coram nobis, with superse-deas, and assigned for error, “that the execution in the first instance hath been issued on said judgment, and sent to the sheriff of Ohio county, to be levied upon his real estate, he being a resident of Franklin county, and not of Ohio; when, by law, As execution in the first *9 instance ought to have been directed to the sheriff of Franklin county, where his personal property is pre-stitned te be, which is only liable in the first instance,” The general Court proceeded to hear and determine the cause without any issue having been made up, either of Jaw or of fact, and awarded judgment that the «ecution be quashed ; to which judgment the commonwealth prosecutes this writ ot error. -
T,*e icfidence jan‘ ⅛ Fmnk-lin, without any *»«n*nt thst tate there ¿fa* úsíy the- execu-f,un» d‘j not ncni court ira qu»flúng-ane» ^“l,on^“edt0 count^’
Three propositions are contended for on the part of the commonwealth : 1st. That a writ of fieri facias. or other writ oi execution, may m the first instance issue to anv county in the state. 2d. if not, that the fact al* legetl by the assignment of error in the court below does not warrant the conclusion that in this case the execution was not properly directed in the first instance to the sheriff of Ohio county. And 3d. If such conclusion would Follow from the fact, that the fact itself was not properly tried in the court below.
The first proposition involves a question never decided by this court, and of great importance to the practice of the country.
That the general court has power to issue its process, as well judicial as original and mesne, to any county in the state, and enforce its execution, cannot be controverted. Such a power is necessarily incident to its jurisdiction, which is bounded only by the limits of the state. To enable the circuit courts to reach, by their* process, persons or subjects beyond the territorial limits of their jurisdiction, an express statutory provision was requisite; but such a provision is no more necessary to authorise the general court to direct its process to any part of the state than it is to enable, the circuit courts to issue process to any part of their respective circuits. It is clear, therefore, that writs of fieri facias, or other writs of execution, may potentially issue from the general court to any county in the átate.
It still, however, remains to be inquired whether such writs may in the first instance be sued out by the plaintiff ad libitum to any county he may direct.
In England, it is said the plaintiff cannot, regularly, sue put a fieri facias into a different county from that where the action is laid without a testatum, nor a testa-tum Without an original fieri facias. But so much ⅛ this a mere matter of form in that country, that the fie- *10 ri facias on which the testatum is founded is returned of cdurse by the attornics themselves as original writs iire — 2 Salk. 590. Nor need the testatum be issued s but the award of it on the roll will be sufficient to warrant a fieri facias to a different county. And the court will not set aside a testatum sued out without an original fieri facias, if the plaintiff afterwards sue put such original fieri facias, and get it returned, so as to be able to produce it on shewing cause, though a writ of error has been previously brought — 2 Tkid’s Prac. 930-1.
Hence, it is clear that the English practice in this respect is reduced to a mere idle ceremony, calculated to enhance the expense of the parties and embarrass the plaintiff,, without, in the slightest degree, tending to protect the rights of the defendant. It is confidently believed that the practice has been universal, since the first institution of courts in this state, to issue a fi. fa. or other writ of execution, to any county, without regard to the English forms of proceeding. To revive those forms, grown olAolete by disuse for so many years, would be attended with mischievous consequences. It would unsettle the proceedings heretofore had upon executions, while it would conduce in future to the purposes of chicanery, delay and expense, rather than tend to promote the ends of substantial justice.
It was suggested at the bar, that if the plaintiff be permitted to sue out execution in the first instance to any county in the state, the process of the court may be abused by perverting it to vindictive or vexatious purposes. ít has already been intimated, that to authorize the circuit courts, or other courts whose jurisdiction is limited to a particular section of the country, to reach, by their process, persons or subjects beyond the ienitonal limits of their kmsdietion, án express statutory provision was necessary. It follows, therefore, that ■áieir process can be sued out into counties not within their respective jurisdiction only in those cases which the law has express!} authorised it. The law seems to authorise such process to issue only where the party against whom the judgment is rendered shall remove himself or effects, or shall reside out of the limits of the jurisdiction of the court — See 1 Litt. L. K, 208 9. The restrictions imposed by this law will be sufficient to prevent the abuse of process from those courts. Bat *11 as they are, from the terms of the law, confined to courts whose jurisdiction is limited to a particular section of the country, they are inapplicable to the general court, §r other courts having jurisdiction co-extensive with the state.
The English forms of proceeding being obsolete by long desuetude, and inefficient, if revived, to guard against the abuse of the process of execution, and there being no statutory provision applicable to courts of general jurisdiction, to protect parties from being abused by their process, must depend upon a sound discretion in the exercise of the general powers they possess over such process. Whether this was a case proper for the exercise of such discretion in quashing the execution, leads to an investigation of the second proposition contended for on the part of the commonwealth.
Caldwell, in his assignment of error on the writ of error cot am nobis, has not alleged that, at the time of commencing the suit, or of the rendition of the judgment against him, he was a resident of Franklin ; and if he were not, it could not be an abuse of the process of the court to send the execution to any other county where his estate could be found. But if he were a resident of Franklin, and possessed no estate there, it is difficult to imagine a reasonable objection to issuing the execution against his estate into the county where such estate’was. 'He has not averred that he possessed either personal or real estate in the county of Franklin, and we cannot presume a fact of this sort for the purpose of vitiating an execution.
The allegation in the assignment of error in the court below was therefore insufficient to warrant the judgment of the court in quashing the execution.
It is unnecessary to decide upon the third point made on behalf of the commonwealth* For as the fact alleged by Caldwell, if true, would be insufficient to au-thorise a judgment in bis favor, it would be useless to remand the cause for the purpose of having the truth af the fact more regularly tried.
Judgment reversed.